IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
———————

MARY SENA,

        Plaintiff,

v.                                                  No. CIV 97-0104 BB/WWD

WAL-MART STORES, INC., a
corporation; RICHARD GONZALES
and DAVE LAMAR in their official
capacities; and SCOTT McLEOD and
KEVIN ROMERO, individually,

        Defendants.

## **MEMORANDUM OPINION**

      THIS MATTER comes before the Court on Defendants' March 25, 1998 Motion for Summary Judgment (Doc. 35). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion for summary judgment should be GRANTED.

      "Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence

presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Defendants' motion for summary judgment in light of these standards.

This case is a Title VII retaliation case. Plaintiff maintains that Defendants retaliated against her by including her in a store-wide layoff. According to Plaintiff, Defendants were retaliating against her because she filed a sexual harassment charge with the Equal Employment Opportunity Commission ("EEOC"), and because she protested when Defendants proposed to transfer her, rather than the alleged harasser, following one incident of harassment. Defendants contend Plaintiff has failed to raise a genuine issue of material fact concerning her claim of retaliation, and that they are therefore entitled to summary judgment.

For purposes of this opinion, the Court will accept the following facts as true. Plaintiff was employed by Defendant Wal-Mart. On July 29, 1994, Plaintiff filed a sexual-harassment charge with the EEOC, based on two incidents involving two different male co-workers. In August 1994, a Wal-Mart representative as well as Wal-Mart's attorney became embroiled in a dispute with the EEOC over the EEOC's attempts to investigate the charge. There is no evidence that the dispute continued past August, and no evidence that either of the official-capacity Defendants knew of the dispute or had any part in it. On March 15, 1995, Plaintiff's employment was terminated as a result of a reduction in force ("RIF") at the store. Plaintiff was one of approximately twenty employees who lost their jobs as a result of the RIF. Defendant Gonzales told Plaintiff she was included in the RIF because her schedule was not flexible, but Plaintiff

2

maintains she worked a flexible schedule and that the alleged inflexibility was just a pretext used to remove her.

Defendants argue there is no evidence that the decision to terminate Plaintiff's services was a retaliatory act. It is well-established that the McDonnell Douglas analytical framework applies to retaliation claims such as Plaintiff's. First, Plaintiff must establish a *prima facie* case of prohibited retaliation. Greene v. Safeway Stores, Inc., 98 F.3d 554, 557-58 (10th Cir. 1996) (applying framework to ADEA case). To do so, Plaintiff must show that (1) she engaged in a protected activity under Title VII; (2) she suffered a material adverse employment action subsequent to her participation; and (3) there exists a causal connection between the adverse employment action and her participation in the protected activity. See Cole v. Ruidoso Municipal Schools, 43 F.3d 1373, 1381 (10th Cir. 1994).

If Plaintiff establishes a *prima facie* case, the burden shifts to Defendants to articulate some legitimate nondiscriminatory reason for the adverse employment decision. Greene. If Defendants proffer such a legitimate business reason, they successfully rebut the presumption raised by Plaintiff's *prima facie* case. Id. Plaintiff must then prove discriminatory or retaliatory intent, either through direct evidence or by proving that the reasons offered by Defendants are not the true reasons for Defendants' action, but are merely a pretext for discrimination or retaliation. Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 529 (10th Cir. 1994).

Applying the above framework to the facts of this case, the Court will grant Defendants' motion for summary judgment because Plaintiff has not established a *prima facie* case of retaliation. Plaintiff clearly engaged in protected activity under Title VII by filing her EEOC claim, and clearly suffered a subsequent material adverse employment action when she was

3

included in the RIF.  Plaintiff has not, however, produced sufficient evidence to raise a genuine issue of material fact concerning the causation issue.  The requisite causal connection may be demonstrated either by direct evidence of retaliatory motive or by other circumstances, such as a close temporal proximity between the protected activity and the adverse employment action.  See Conner v. Schnuck Markets, Inc., 121 F.3d 1390, 1395 (10th Cir. 1997).

In Conner, the Tenth Circuit held that a four-month time lag between the protected conduct and the adverse employment action was too long to justify an inference of causation.  Id. Plaintiff in this case filed her EEOC claim on July 29, 1994, over seven months before the RIF. Despite this fact, Plaintiff argues that her inclusion in the RIF was proximate in time to her protected conduct, because the EEOC charge was still pending at the time of the RIF.  Her position (albeit unsupported by cited authority) is that as long as a charge is pending the protected conduct continues, and that the crucial date for causation-inference purposes is not the date the claim was filed, but the date the EEOC issues a determination.  The Court disagrees.

Virtually no published case has discussed the issue of whether the relevant time period is affected by the fact that EEOC charges (or some other type of claim such as a lawsuit) are still pending at the time of the adverse employment action.  The Tenth Circuit, however, has held that an inference of retaliatory motive can be made only if there is a close temporal proximity between the bringing of discrimination charges and the adverse action, and that the fact the plaintiff's charges were still pending at the time of the adverse action was not enough by itself to raise an inference of retaliation.  Hayes v. State of Kansas, 1996 WL 41841 (10th Cir.); see also Rivadeneira v. City of Philadelphia, 1994 WL 594122 (E.D.Pa.) (noting that an EEOC investigation or civil proceeding can last a considerable amount of time, and holding that the mere

4

pendency of such an action is insufficient to establish a causal link between the action and an adverse employment decision that occurs while the action is still pending).  Under Hayes, the fact that Plaintiff's EEOC claim was still pending at the time of the RIF does not make the RIF temporally proximate to her protected activity.  That is, her protected activity was the filing of the charges, rather than the pendency of those charges, and the protected activity occurred over seven months before the adverse employment action.  This time period is too long to allow an inference of retaliatory motive to be made.  Conner.

Plaintiff also points to the fact that Wal-Mart and the EEOC became embroiled in a dispute over the EEOC's proposed on-site visit to investigate Plaintiff's charges.  According to Plaintiff, Wal-Mart's hostile reaction to the EEOC supports an inference that Plaintiff's subsequent inclusion in the RIF was motivated, at least in part, by her EEOC charge.  There are at least two main problems with this argument.  First, the dispute concerning the EEOC investigator's efforts occurred in August 1994, almost seven months prior to the RIF.  No evidence was submitted indicating the dispute continued past the initial flare-up.  Apparently, the EEOC investigation continued quietly until a decision, favorable to Wal-Mart, was made shortly after the RIF took place.  Had there been a close temporal proximity between the dispute and the RIF, the requisite inference of causation would be present.  Given the long time period between the dispute and the RIF, however, no such inference can be made.  Cf. Conner.

Perhaps more importantly, there was no evidence that anyone involved in the decision to terminate Plaintiff's employment had any part in the dispute.  Wal-Mart's attorney and a Wal-Mart employee named Sue Anderson are the only persons mentioned in Plaintiff's submissions as objecting to the EEOC's proposed investigative activities.  There is no evidence that either of

5

these individuals participated in the decision as to which employees would be included in the RIF. Instead, the primary decision-maker with that regard was Defendant Gonzales, the store manager. While there is evidence that Gonzales was aware of Plaintiff's EEOC claim, there is no evidence that he shared any responsibility for the initial hostile reaction to EEOC's proposed site visit. There is also no evidence that he knew the EEOC claim was still pending when he included Plaintiff in the RIF, or that he harbored any resentment at all toward Plaintiff as a result of the claim. The absence of any evidence that Gonzales personally was hostile to the EEOC investigation, especially given the length of time that had passed since the August dispute, dissipates any possible inference of retaliatory motive that might have been drawn from the initial dispute over the proposed site visit. It is not sufficient to show that other Wal-Mart personnel or legal counsel may have initially harbored a hostile reaction to the EEOC's proposed investigative activities. Cf. Raney v. Vinson Guard Service, Inc., 120 F.3d 1192, 1197 (11th Cir. 1997) (generally, to establish causal link prong of prima facie case, a plaintiff must establish that the corporate agent who took the adverse action was aware of the plaintiff's protected action); Williams v. Rice, 983 F.2d 177, 181 (10th Cir. 1993) (to establish causal connection, plaintiff must show that the individual who took the adverse action knew of the plaintiff's protected activity).

**Conclusion**

Over seven months passed between the filing of Plaintiff's EEOC claim and the RIF, and the pendency of the claim is not by itself sufficient to extend the allowable time within which an inference of retaliation may be drawn. In addition, almost seven months passed between the dispute over the EEOC's investigative efforts and the RIF, and there was no evidence the dispute lasted for more than a relatively short period of time or flared up anew during that seven-month

period. Finally, there was no evidence that the person who decided to include Plaintiff in the RIF was himself hostile to the EEOC claim or knew the claim was still pending at the time of the RIF. Therefore, Plaintiff has failed to adduce sufficient evidence to make out a *prima facie* case of retaliation. That being the case, the burden does not shift to Defendants to provide an acceptable reason for including Plaintiff in the RIF, and the Court need not consider the issue of pretext. See Conner, 121 F.3d at 1394 (plaintiff must first establish prima facie case of retaliation, and burden then shifts to employer to offer legitimate reason for termination). Defendants' motion for summary judgment will accordingly be granted.

An Order in accordance with this Memorandum Opinion will issue.

Dated this 21st day of August, 1998.

_____
BRUCE D. BLACK
United States District Judge